# EXHIBIT B

1  ROBERT A. DOLINKO (State Bar No. 076256)
   rdolinko@nixonpeabody.com
2  Charles M. Dyke (State Bar No. 183900)
   cdyke@nixonpeabody.com
3  NIXON PEABODY LLP
   One Embarcadero Center, Suite 1800
4  San Francisco, California 94111
   Telephone:    (415) 984-8200
5  Facsimile:    (415) 984-8300

6  Attorneys for Defendant
   THE HERTZ CORPORATION
7

8                SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                        FOR THE COUNTY OF SAN DIEGO

10

11 ANGELA ARENAS, an individual and on behalf     Case No. 37-2016-00043014-CU-OE-CTL
   of all others similarly situated,
12                                                 **CLASS ACTION**
13         Plaintiff,
                                                   **DEFENDANT THE HERTZ
14         vs.                                     CORPORATION'S ANSWER TO
                                                   UNVERIFIED CLASS ACTION
15 THE HERTZ CORPORATION; and DOES 1               COMPLAINT**
   through 100,
16                                                 Action filed:    December 7, 2016
           Defendants.                             Trial date:      None Set
17

18

19

20         1.    Defendant The Hertz Corporation (hereinafter also "Hertz" or "Defendant") hereby

21 responds to the unverified Class Action Complaint ("Complaint") filed by Plaintiff Angela Arenas

22 ("Plaintiff").  As used herein, the term "Plaintiff" also means and includes all others similarly situated

23 on whose behalf the Complaint was purportedly filed.

24

25                                    **GENERAL DENIAL**

26         2.    Pursuant to the provisions of Section 431.30(d) of the California Code of Civil

27 Procedure, Defendant generally denies each and every allegation of the Complaint, including that this

28 action may be maintained as a class action on behalf of others purportedly similarly situated, and/or

the general public, and further denies that Plaintiff or anyone else on whose behalf the Complaint is purportedly brought is entitled to damages, statutory penalties, punitive damages, restitution, disgorgement, interest, attorneys' fees or costs, or any other form of legal or equitable relief.

## AFFIRMATIVE DEFENSES

In addition, Defendant asserts the affirmative defenses set forth herein.  By pleading these affirmative defenses, Defendant does not assume the burden of proving any fact, issue, or element of a cause of action where such burden belongs to Plaintiffs.

## AFFIRMATIVE DEFENSES TO ALL CAUSES OF ACTION

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

1.      The Complaint, and each purported cause of action in the Complaint, fails to state facts sufficient to constitute a valid claim for relief against any Defendant.

## SECOND AFFIRMATIVE DEFENSE

### (Statute of Limitations)

2.      Defendant alleges, based on information and belief, that Plaintiffs' claims, or portions thereof, are barred by the applicable statutes of limitations, including but not limited to those set forth in California Labor Code Section 203, California Code of Civil Procedure Sections 338, 340 and 343, and California Business and Professions Code Section 17208.

## THIRD AFFIRMATIVE DEFENSE

### (No Standing)

3.      Defendant alleges, based on information and belief, that Plaintiffs lack standing to sue Defendant on behalf of themselves or other employees, with respect to Plaintiffs' Complaint or portions thereof.

-2-

4827-6019-4626.1

1

## FOURTH AFFIRMATIVE DEFENSE

2

(Good Faith Dispute)

3    4.    Although Defendant denies it owes any amounts to Plaintiff, or to any other

4    employees, if it should be determined that amounts are owed, then Defendant alleges, based on

5    information and belief, that at all times relevant hereto a reasonable good faith dispute existed as to

6    whether any such amounts were owed to Plaintiff, or to other employees.

7

## FIFTH AFFIRMATIVE DEFENSE

8

(Good Faith Defense)

9    5.    Defendant alleges, based on information and belief, that at all times relevant to

10   Plaintiff's Complaint, Defendant had good faith defenses, based in law and/or fact, which, if upheld,

11   would preclude any recovery by Plaintiff based on the allegations in the Complaint.

12

## SIXTH AFFIRMATIVE DEFENSE

13

(Laches)

14   6.    Defendant alleges, based on information and belief, that Plaintiff's Complaint, and

15   each purported cause of action alleged therein, is barred, in whole or in part, by the doctrine of

16   laches.

17

## SEVENTH AFFIRMATIVE DEFENSE

18

(Unclean Hands)

19   7.    Defendant alleges, based on information and belief, that Plaintiffs' Complaint, and

20   each purported cause of action alleged therein, is barred, in whole or in part, to the extent Plaintiff has

21   unclean hands with respect to the claims asserted.

22

## EIGHTH AFFIRMATIVE DEFENSE

23

(Waiver/Estoppel/Consent)

24   8.    Defendant alleges, based on information and belief, that Plaintiff's Complaint, and

25   each purported cause of action alleged therein, is barred, in whole or in part, under the equitable

26   doctrines of waiver, estoppel, and/or consent.

27

28

DEFENDANT'S ANSWER TO COMPLAINT

4827-6019-4626.1

## NINTH AFFIRMATIVE DEFENSE

(Failure to Mitigate)

9.      Defendant alleges, based on information and belief, that Plaintiff has failed to mitigate, minimize, or avoid their purported damages. Defendant further alleges that, to the extent any damages could have been mitigated, minimized, or avoided, such amounts should be deducted from any award of damages.

## TENTH AFFIRMATIVE DEFENSE

(Speculative Damages)

10.      Defendant alleges, based on information and belief, that Plaintiff's purported causes of action for damages are barred because they are speculative and uncertain, and to the extent that any award would constitute unjust enrichment.

## ELEVENTH AFFIRMATIVE DEFENSE

(Safe Harbor)

11.      Plaintiff's claims are barred in whole or in part because of Defendant's compliance with all applicable laws, statutes, and regulations, said compliance affording Defendants a safe harbor to any claim under California Business and Professions Code Section 17200, et seq.

## TWELFTH AFFIRMATIVE DEFENSE

(Practice Not Unfair)

12.      Plaintiff's claims are barred because Defendant's business practices were not unfair within the meaning of Business and Professions Code Section 17200.  The utility and benefits of Defendant's conduct outweighed whatever alleged harm or impact it may have had on Plaintiff, or other employees purportedly similarly situated.

## THIRTEENTH AFFIRMATIVE DEFENSE

(*De Minimis* Time)

13.      Defendant alleges, based on information and belief, that to the extent Plaintiff or persons similarly situated were not paid for all hours worked for Defendant, such unpaid time was *de minimis* and, therefore, not compensable.

-4-

## FOURTEENTH AFFIRMATIVE DEFENSE

(Lack of Injury)

14.    Defendant alleges, based on information and belief, that the purported causes of action are barred, in whole or in part, because Plaintiff did not suffer any actual injury as a result of a knowing and intentional violation.

## FIFTEENTH AFFIRMATIVE DEFENSE

(Avoidable Consequences Doctrine)

15.    Defendant is informed and believes, and on that basis alleges, that Plaintiff failed to take reasonable advantage of available procedures to prevent and correct any alleged wage and hour violations, and, therefore, Plaintiff's damages claims are barred, in whole or part, by the avoidable consequences doctrine.

## SIXTEENTH AFFIRMATIVE DEFENSE

(Failure to Obtain Valid Wage Assignment)

16.    Plaintiff, as representative for the other class members, may not pursue an unpaid wage claim on behalf of the other class members because she failed to obtain a valid wage assignment for each of the other class members.  Cal. Labor Code Sec. 300.

## SEVENTEENTH AFFIRMATIVE DEFENSE

(Substantial Compliance)

17.    Defendant alleges, based on information and belief, that Plaintiffs' causes of action and claims for damages and/or penalties are barred, or any such award of damages or penalties must be reduced, because Defendant substantially complied with the applicable requirements of the California Labor Code and applicable Industrial Welfare Commission Wage Orders.

## EIGHTEENTH AFFIRMATIVE DEFENSE

(Consent)

18.    Defendant alleges, based on information and belief, that Plaintiff was provided with and had the opportunity to take timely meal periods or rest periods, but chose not to do so.

-5-

4827-6019-4626.1

1

## NINETEENTH FIRST AFFIRMATIVE DEFENSE

(Failure to Meet Requirements for Class Action)

19.    Defendant alleges, based on information and belief, that Plaintiff's claims will not support class treatment because: they do not raise questions of law or fact that predominate over individual legal or factual issues; they are not typical of the claims of the putative class; Plaintiff is not an adequate or proper representative of the putative class; and/or the action fails to satisfy the legal standards for a class action.

## TWENTIETH AFFIRMATIVE DEFENSE

(Failure to Properly Exhaust Administrative Remedies)

20.    Defendant alleges that Plaintiff's claims are barred, in whole or in part, based upon Plaintiff's failure to properly exhaust her administrative remedies or prerequisites before commencing this action.

## TWENTY FIRST AFFIRMATIVE DEFENSE

(Federal Preemption)

21.    Defendant alleges that Plaintiff's claims are barred, in whole or in part, based upon the existence of collective bargaining agreements, the federal labor scheme, and Plaintiff's failure to pursue or exhaust contractual remedies.

WHEREFORE, Defendant The Hertz Corporation prays judgment as follows:

1.    That the Complaint be dismissed with prejudice and in its entirety, and that Plaintiff and the purported class members take nothing thereby;

2.    That Defendant be awarded its costs of suit, including reasonable attorneys' fees; and

///

///

///

///

///

///

-6-

1    3.    That Defendant be awarded such other and further relief as the Court deems just and

2    proper.

3    Dated: February 14, 2017                          NIXON PEABODY LLP

4

5                                                By:  *Robert A. Dolinko*

6                                                     Robert A. Dolinko
                                                     Charles M. Dyke
7                                                     Attorneys for Defendant
                                                     THE HERTZ CORPORATION

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-7-

4827-6019-4626.1

1

**PROOF OF SERVICE BY MAIL**

2

**CASE NAME:** **Angela Arenas v The Hertz Corporation**
**COURT:** **San Diego County Superior Court**

3

**CASE NO.:** **37-2016-00043014-CU-OE-CTL**
**NP FILE:** **412307-000218**

4

5

     I am a citizen of the United States and employed in San Francisco County, California. I

6

am over the age of eighteen years and not a party to the within-entitled action. My business
address is One Embarcadero Center, 18th Floor, San Francisco, CA 94111-3600. I am readily
familiar with this firm's practice for collection and processing of correspondence for mailing with

7

the United States Postal Service. On February 14, 2017, I placed with this firm at the above
address for deposit with the United States Postal Service a true and correct copy of the within

8

document(s):

9

**DEFENDANT THE HERTZ CORPORATION'S ANSWER**
**TO UNVERIFIED CLASS ACTION COMPLAINT**

10

in a sealed envelope, postage fully paid, addressed as follows:

11

12

     HAINES LAW GROUP, APC
     Paul K. Haines

13

     Tuvia Korobkin
     Sean M. Blakely

14

     2274 East Maple Avenue
     El Segundo, CA 90245

15

     Phone: 424 292-2350
     Fax:   424 292-2355

16

     Email:  phaines@haineslawgroup.com

17

             tkorobkin@haineslawgroup.com
             sblakely@haneslawgroup.com

18

19

     Following ordinary business practices, the envelope was sealed and placed for collection

20

and mailing on this date, and would, in the ordinary course of business, be deposited with the
United States Postal Service on this date.

21

     I declare under penalty of perjury that the foregoing is true and correct. Executed on

22

February 14, 2017, at San Francisco, California.

23

24

_____
                 Iris P Leal

25

26

27

28

DEFENDANT THE HERTZ CORPORATION'S ANSWER TO UNVERIFIED CLASS ACTION COMPLAINT